IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES DANIELS,

      Petitioner,

    v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:17-CV-0037
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Dismiss* (ECF No. 11) be **GRANTED**, and that this action be **DISMISSED** as barred by the one-year statute of limitations provided under 28 U.S.C. § 2244(d).

Petitioner's *Motion for Leave Ordering an Expansion of the Record* (ECF No. 12) is **DENIED**.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 21, 2013, a group of men gathered on Stoddart Avenue on the east side of Columbus, Ohio. This group included Demtrius Hunter, Tommy Lovely, and Andre Martin. All three men grew up in the neighborhood and were hanging out on the street because it was a nice day. Hunter's blue car was parked on the west side of the street.

Later in the day, a second group of men, including appellant and his brother Dontay, drove to the same area on Stoddart Avenue. They parked on the east side of the street. This second group of men had also grown up in the neighborhood and knew men in the first group. An argument broke out between appellant and Martin. The argument turned physical. Appellant and Martin exchanged punches near appellant's car on the east side of the street.

Other people present at the scene separated appellant and Martin. Subsequently, appellant's brother retrieved a gun from a car and either pretended to or was unable to fire the gun at Martin. Appellant took the gun from his brother and fired at Martin as Martin ran towards Hunter's car. Appellant, still shooting, followed Martin to the passenger side of Hunter's car, where Martin fell down. Lovely, who was in front of Hunter's car, started shooting at appellant. Lovely then fled when his gun malfunctioned. Lovely believed that appellant shot at him while he was running away.

Martin was shot twice and died from one of the gunshot wounds. There were no bullets found in Martin's body. Police did find nine shell casings near Hunter's car. Testing revealed that one gun fired all of those casings. Police did not, however, find that gun. They did conclude that Lovely's gun, which they obtained during their investigation, did not fire the casings.

As a result of these events, a Franklin County Grand Jury indicted appellant with one count of aggravated murder, with a firearm specification, in violation of R.C 2903.01 and one count of having a weapon while under disability in violation of R.C. 2923.13. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.

The state's witnesses testified to the above described events. Appellant presented a witness to the events, Maurice Moxley, who testified that the encounter began when Martin punched appellant in the face. Moxley then heard shots and saw Lovely shooting in front of Hunter's car at Martin and appellant. He did not see appellant with a gun. In closing arguments, appellant's trial counsel argued to the jury that appellant did not shoot Martin and that he only picked up a gun in self-defense after Lovely started to shoot at him. The jury rejected appellant's version of events and found him guilty of both charges and the trial court sentenced him accordingly.

II. The Appeal

Appellant appeals and assigns the following errors:

1. The application of Criminal Rule 16(D) & (F), as permitted by the trial court undermined the appellant's Fourteenth Amendment right to Due Process, as well as his Sixth Amendment right to effective representation of counsel.

2. The trial court caused a violation of appellant's right to due process under the Fourteenth Amendment in refusing to rule that certain useful evidence was exculpable in being lost or destroyed after the state relinquished custody and control state (sic).

3. The trial court violated the appellant's rights pursuant to the compulsory process and confrontation clauses of the Sixth Amendment, as well as, the Fifth and Fourteenth Amendment rights of due process of the United States Constitution and Section 10, Article I of the Ohio Constitution in depriving the defendant his right to recall a witness already under subpoena for further cross-examination with favorable testimony.

4. The state engaged in prosecutorial misconduct by improper inferences on cross-examination of a defense witness with a leading question designed to elicit impermissible hearsay which caused incurable prejudice to the jury and the failure to object by the defense counsel was ineffective assistance.

5. Trial court substantially violated the appellant's right to a fair trial under the Sixth Amendment and due process under Fourteenth Amendment of the United States Constitution and Article I of the Ohio Constitution and committed substantial prejudice and plain error in instructing on self-defense for having weapons while under a disability, but not for the aggravated murder charge.

6. The trial court improperly sentenced the appellant without the benefit of a presentence investigation which served to render the sentence as cruel and unusual under the Eighth Amendment to the United States Constitution.

7. Appellant's conviction was not supported by the sufficiency of the evidence in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution and Article I, Sections 1 & 16 of the Ohio Constitution and the conviction was also against the manifest weight of the evidence.

*State v. Daniels*, No. 14AP-326, 2015 WL 3991160, at *1-2 (Ohio App. 10th Dist. June 30, 2015). On June 30, 2015, the appellate court affirmed the judgment of the trial court.[1] *Id*. Petitioner did not file a timely appeal. More than one year and five months later, on December 13, 2016, Petitioner filed a motion for a delayed appeal. (ECF No. 11-1, PageID# 254.) On February 22, 2017, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Daniels*, 148 Ohio St.3d 1408 (Ohio 2017).

Meanwhile, on September 28, 2015, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 11-1, PageID# 278.) Petitioner asserted that he had been denied the effective assistance of appellate counsel due to his attorney's failure to raise on appeal a claim of the denial of the effective assistance of trial counsel based on his attorney's failure to advise him of the time limits for filing a petition for post conviction relief or providing him with a copy of the trial transcripts so that he could pursue such action. (*See* PageID# 291.) On December 3, 2015, the appellate court denied the Rule 26(B) application. (PageID# 290.) Petitioner did not file an appeal to the Ohio Supreme Court. Petitioner indicates that, on February 24, 2016, he filed a petition for a writ of mandamus in the Ohio Supreme Court. *See Petitioner's Reply to Respondent's Motion to Dismiss* (ECF No. 15, PageID# 313-14.)

On January 12, 2017, Petitioner filed this habeas corpus petition. He asserts as follows:

> 1. The trial court violated Petitioner's Fourteenth Amendment Right to due Process and Sixth Amendment to Effective Assistance of Counsel.
>
> 2. The trial court violated petitioner's Fourteenth Amendment Due Process when it denied to rule [sic] for Fundamental Fairness when

---

[1] The appellate court issued a July 20, 2017, *Judgment Entry* affirming the judgment of the trial court. (ECF No. 11-1, PageID# 250.)

evidence lost and destroyed by the prosecution was exculpatory and evidence of the presumption of innocence.

3. Petitioner's right and protection to Confront evidence and Confrontation Clause were violated.

4. Prosecutorial Misconduct of incurable prejudice and Ineffective Assistance of Counsel for conceding and failure to object to Flagrant Misconduct.

5. A Structural and Substantial violation of petitioner's right to a Fair trial under the Sixth Amendment and Due Process under the Fourteenth Amendment to the United States Constitution by committing substantial prejudice and subsequent plain error in instructing on self-defense for weapons under disability, and omission of Self-defense as to or for the Aggravated Murder charge.

6. The trial court excessively, disproportionately, and improperly sentenced the petitioner without the benefit of a sentencing hearing investigation which served to render Petitioner's Eighth Amendment Protection(s) of cruel and unusual sentence justifiable.

7. Petitioner's conviction(s) and sentence(s) for Aggravated Murder and Weapons Under Disability were based on insufficient evidence. The trial court erroneously instructed the self-defense affirmative charge only to the Weapons Under Disability. This lead to a manifest miscarriage of justice. This only served to confuse the jury and prejudice the theory of innocence and self-defense. There was legally insufficient evidence to sustain a conviction. Due Process of Law, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution mandates not just for the conviction to [be] based on some evidence, but, rather, sufficient evidence that justifies that rational trier of fact in finding guilt of the accused to be proven beyond a reasonable doubt.

It is the position of the Respondent that Petitioner's claims are time-barred and procedurally defaulted.

**Motion for Expansion of the Record**

Petitioner has filed a motion for expansion of the record requesting that Respondent be directed to provide a copy of the trial transcripts; all witness statements; "official notes from on

scene statements"; ballistics and forensic testing; and photographs of the crime scene and forensic testing of any vehicles involved. (ECF No. 12, PageID# 304.) Respondent opposes Petitioner's request. (ECF No. 16.)

>Rule 5 of the Rules Governing Section 2254 Cases provides that:
>
>>The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>>
>>(d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:
>>
>>(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>>
>>(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>>
>>(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Moreover, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts also permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition:

>>(a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>>
>>(b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the

> judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

However, the decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the district court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Such expansion must be limited by the relevance of the proffered materials to the constitutional claims presented.

The Court concludes that expansion of the record to include the documents to which Petitioner refers will not assist the Court in determining whether this action is time-barred or otherwise assist Petitioner in establishing that he is entitled to relief. For the reasons that follow, this Court concludes that this action is time-barred.

Therefore, Petitioner's motion for expansion of the record (ECF No. 12) is **DENIED**.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on September 3, 2015, 45 days after the appellate court's July 20, 2015, *Judgment Entry*, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Adams v. Chillicothe Corr. Insit.*, No. 2:16-cv-00563, 2016 WL 3906235, at *2 (S.D. Ohio July 19, 2015) (citing *Worthy v. Warden,* No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001*); Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002)). The statute of limitations began to run on the following day, and ran for a period of 24 days, until September 28, 2015, when Petitioner filed a Rule 26(B) application in the state appellate court. That action tolled the running of the statute of limitations until December 3, 2015, when the appellate court denied the Rule 26(B) application. On December 4, 2015, the statute of limitations began to run again. It expired 341 days later, on November 9, 2016. Petitioner's December 13, 2016, motion for a delayed appeal did not toll the running of the statute of limitations, because he filed the motion after the statute of limitations had already expired. State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2)." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period

(*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Thus, the statute of limitations expired on November 8, 2016, and was not tolled during the pendency of Petitioner's motion for delayed appeal. Accordingly, given that the statute of limitations expired on November 8, 2016 and the Court received the Petition on January 12, 2017, this action is over two months late and barred by § 2244(d).[2]

Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("A 'petitioner' is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

---

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that petitioner provided his petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Because Petitioner failed to date or otherwise provide this information in his Petition, the Court relies on the date it first received the Petition. (*See* Petition, (ECF No. 5, Page ID # 33)).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted).

Petitioner has failed to provide credible evidence of actual innocence and has provided no new reliable evidence in support of his actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling on this basis.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that the *Motion to Dismiss* (ECF No. 11) be **GRANTED**, and that this action be **DISMISSED** as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

Petitioner's *Motion for Leave Ordering an Expansion of the Record* (ECF No. 12) is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

  s/ *Elizabeth A. Preston Deavers*  
**Elizabeth A. Preston Deavers**  
**Chief United States Magistrate Judge**